IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TERESA McMEANS, o/b/o M.L.M., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:13cv108-SRW |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff Teresa McMeans, on behalf of her minor child, brings this action pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3) seeking judicial review of a decision by the Commissioner of Social Security ("Commissioner") denying her application for child disability benefits under Title XVI of the Social Security Act. The parties have consented to entry of final judgment by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c). (Doc. ## 22, 23). Upon review of the record, the court concludes that the Commissioner's decision is due to be reversed because the administrative record does not demonstrate that the Appeals Council evaluated the new medical evidence submitted by the plaintiff on November 17, 2011, as it was required to do.

## RELEVANT PROCEDURAL BACKGROUND

On October 12, 2011, after an administrative hearing, the ALJ issued a decision denying plaintiff's claim for benefits. (R. 8-32). Thereafter, plaintiff requested review by the Appeals Council. (R. 7). Plaintiff's counsel transmitted the request for review to the

Appeals Council with a memorandum brief alleging error, a medical source statement from Dr. Clemmie Palmer,[1] updated progress notes from Dr. Palmer, an appointment of representative form, and plaintiff's contract with counsel for representation. (R. 7, 202-05, 412-18). On January 9, 2013, the Appeals Council denied review. (R. 1-5). Thereafter, plaintiff commenced the present action seeking review of the Commissioner's final decision. (Doc. # 1).

## THE PARTIES' CONTENTIONS

Plaintiff argues, *inter alia*, that "[t]he Appeals Council failed to show in its written denial that it adequately evaluated the new evidence submitted by Ms. McMeans before denying review." (Doc. # 11, p. 3). She notes that she transmitted fourteen pages to the Appeals Council by facsimile on November 17, 2011, but that the sole exhibit identified in the Appeals Council's exhibit list is her brief. (Id., pp. 3-4)(citing R. 4, 5, 7 and R. 202-205 (Exhibit 13E)). She points out that the last "F" exhibit in the administrative transcript is Exhibit 18F – a June 2011 progress note from Dr. Palmer – and that Dr. Palmer's medical source opinion and progress notes submitted with her request for review do not appear in the administrative transcript. (Doc. # 11, p. 4 and n. 3)(citing R. 410-11 and the "Court Transcript Index," Doc. # 21-1, pp. 1-3). Plaintiff attaches to her brief the fourteen pages that she sent to the Appeals Council on November 17, 2011, and a fax confirmation showing successful transmission of fourteen pages to the Appeals Council. (Doc. # 11-2). Plaintiff

---

[1] Dr. Palmer is MLM's treating psychiatrist. (See Exhibit 14F).

2

further observes that the Appeals Council did not return the omitted evidence to her, as it should have if the evidence were not material.  (Doc. # 11, p. 7 n. 7 and p. 8 n. 8). After noting the omission of the additional medical evidence from the administrative transcript, plaintiff argues that the AC failed to *explain* its analysis of the new, material evidence adequately (Doc. # 11, pp. 4-8), and, further, that the Appeals Council erred by failing to remand her claim to the ALJ in light of that new and material evidence  (id., pp. 8-12).

The Commissioner does not dispute that plaintiff submitted Dr. Palmer's signed MSO form and treatment notes to the Appeals Council with her request for review. (See Commissioner's brief, Doc. # 20, pp. 9-10).  On October 28, 2013, the Commissioner appended a copy of the medical evidence that plaintiff had filed in this court to the administrative transcript, with a "supplemental certification" stating "that the documents annexed hereto are true and accurate copies of Medical Records submitted on November 17, 2011 that were omitted from the administrative record[.]" (Doc. # 21-10 through Doc. # 21-12).[2]  The Commissioner argues that the Appeals Council's notice denying review "is not a final decision of the Commissioner" that is subject to judicial review and, further, that the Appeals Council is not required to explain its denial of review.  (Doc. # 20, pp. 10-11).  She notes that "'new evidence first submitted to the Appeals Council is part of the administrative

---

[2]  The evidence added to the administrative transcript bears an electronic case filing legend at the top of each page, showing that it was first filed in this court on July 8, 2013 as Doc. # 11-2 – *i.e.*, as an attachment to plaintiff's brief.  The Commissioner's use of documents filed in this court to supplement the administrative record suggests that the Appeals Council itself no longer has the documents or could not locate them.

3

record that goes to the district court for review'" (id. at p. 11)(quoting <u>Keeton v. Dep't. of Health & Human Servs.</u>, 21 F.3d 1064, 1067 (11th Cir. 1994), and contends that, under <u>Ingram v. Commissioner of Soc. Sec. Admin.</u>, 496 F.3d 1253 (11th Cir. 2007), this court should determine whether the new evidence deprives the ALJ's decision to deny benefits of substantial evidentiary support (id.)(citing <u>Ingram</u>, 496 F.3d at 1266).  In other words, the Commissioner contends that this court may not review the Appeals Council's decision at all and that, in reviewing the ALJ's decision, it should apply the "sentence four" substantial evidence standard to the record as a whole, including the additional medical evidence.

## DISCUSSION

The judicial review provision of the Social Security Act provides that "[a]ny individual, after any final decision of the Commissioner of Social Security ... may obtain a review of such decision by a civil action[.]"  42 U.S.C. § 405(g).  In such a civil action,

> [t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. ... The court ... may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

<u>Id</u>. (sentences four and six).  In this action, plaintiff challenges the decision of the Appeals Council to deny review, based on the new evidence she submitted to the Appeals Council.  (<u>See</u> plaintiff's statement of issues, Doc. # 11, p. 3).  Contrary to the Commissioner's contention, the Appeals Council's denial of review is a final decision of the Commissioner

4

subject to judicial review.  See Ingram, 496 F.3d at 1262 ("The settled law of this Circuit is that a court may review, under sentence four of section 405(g), a denial of review by the Appeals Council.")).

While this case involves "new evidence" first presented properly – as the parties agree – at the Appeals Council level, it does not present the paradigmatic "sentence four" appeal in which the Appeals Council has denied review after *considering* a claimant's new evidence and finding it insufficient to impeach the ALJ's decision. Here, instead, the administrative record does not demonstrate that the Appeals Council considered the new evidence in denying review, or that it even evaluated the new evidence at all.  In its notice denying review, under the heading "What We Considered[,]" the Appeals Council states:

> In looking at your case we considered the reasons you disagree with the decision *in the material listed* on the enclosed Order of Appeals Council.
>
> We found that this *information* does not provide a basis for changing the Administrative Law Judge's decision.

(R. 2)(emphasis added).[3]  The referenced "Order of Appeals Council" lists only Exhibit 13E, identified as "Representative correspondence, dated October 27, 2011 that included medical evidence from Clemmie Palmer III, M.D." (R. 5); the Appeals Council exhibit list reveals that his exhibit consists of four pages (R. 4).  As plaintiff notes, Exhibit 13E (four pages in length, including the bar code sheet) consists of her brief alleging error only. (R. 202-05).

---

[3]  In her brief, the Commissioner summarizes this finding as follows: "In denying review of the ALJ's decision, the Appeals Council stated that it had considered *the additional evidence* Plaintiff submitted, but was denying review because that *evidence* did not provide a basis for changing the ALJ's decision."  (Doc. # 20, p. 10)(emphasis added).

Within that brief, plaintiff sets forth all of Dr. Palmer's responses to the questions on the medical source opinion form.  (R. 203; <u>see</u> R. 412-13).

The court cannot conclude that the Appeals Council's reference, in its order and exhibit list, to "Exhibit 13E[,]" the "Representative correspondence, dated October 27, 2011 that included medical evidence from Clemmie Palmer III, M.D." – a document consisting of four pages – establishes that the Appeals Council considered the four-page Exhibit 13E at R. 202-205 *and* additional "medical evidence from Clemmie Palmer III, M.D."  Instead, the Appeals Council's notice, exhibit list, and order reflect that the Appeals Council considered *only* Exhibit 13E, which recounts some (but not all) of the additional medical evidence from Dr. Palmer that plaintiff transmitted to the Appeals Council with the request for review.[4] This conclusion is further supported by the Commissioner's failure to include the additional evidence in the administrative transcript as originally certified (<u>see</u> Doc. ## 21 and 21-1) and by the Commissioner's inclusion, in her supplement to the transcript, of copies of that medical evidence reproduced from this court's record (<u>see</u> n. 2, *supra*), rather than from the

_____

[4]  The Appeals Council's summary denial of review gives no indication of its reason for concluding that Dr. Palmer's opinions, as described in counsel's correspondence to the Appeals Council, do not "provide a basis for changing the Administrative Law Judge's decision."  (R. 1-5). The Appeals Council, in denying review, is not required to explain its reasons for concluding that new evidence does not provide a basis for changing the ALJ's decision.  <u>Edwards v. Colvin</u>, 2013 WL 6772975, ** 3-4 (M.D. Ala. Dec. 20, 2013).  However, in the absence of an explanation from the Appeals Council, the court declines to speculate that the Appeals Council considered the substance of Dr. Palmer's opinions as if it had the actual MSO form before it; it is possible that the Appeals Council discounted the opinions as described by plaintiff's counsel in Exhibit 13E because of a misconception that plaintiff had failed to submit Dr. Palmer's underlying MSO form for the Appeals Council's consideration.

Appeals Council's files.

The Commissioner's regulations provide that, "[i]n reviewing decisions based on an application for benefits, if new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. ... It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record."  20 C.F.R. § 416.1470(b);  see also § 416.1476(b)(on review, "[t]he Appeals Council will consider all the evidence in the administrative law judge hearing record as well as any new and material evidence submitted to it which relates to the period on or before the date of the administrative law judge hearing decision").  Implicit in this regulatory mandate is a requirement that the Appeals Council evaluate all of the evidence a claimant submits properly to it and make a threshold determination regarding whether the evidence is new and material and relates to the relevant period.  See id. ("If you submit evidence which does not relate to the period on or before the date of the administrative law judge hearing decision, the Appeals Council will return the additional evidence to you with an explanation as to why it did not accept the additional evidence and will advise you of your right to file a new application."); cf. HALLEX I-3-5-20 ("When a claimant or appointed representative submits additional evidence in association with a request for review, the Appeals Council (AC) must determine whether it is new, material, and relates to the period

on or before the date of the administrative law judge (ALJ) decision.").[5]

　　　While plaintiff suggests that the Appeals Council did not consider the new evidence, she stops short of addressing the legal consequences of such a failure.  The Commissioner, for her part, argues the case as if there is no issue regarding whether the Appeals Council did what it is required by regulation to do with regard to new evidence.  She urges the court to conclude that "[t]he new evidence, at least in part, did not pertain to the time period considered by the ALJ" and contends that – even if the entirety of the additional records pertained to the relevant time period – "it does not affect the ALJ's decision."  (Doc. # 20, pp. 11-12).  Both parties suggest that this court may consider the additional evidence to determine whether the decision denying benefits is supported by substantial evidence.  The court concludes that it may not.

　　　"Judicial review of decisions of [the Commissioner] denying benefits under the Social Security Act is both provided for and limited by 42 U.S.C. § 405(g)."  Western v. Harris, 633 F.2d 1204 (5th Cir. Jan. 9, 1981). The record before the court does not reflect that the Appeals Council considered the additional evidence in denying review or, even, that it

---

[5] The court does not here decide whether the HALLEX creates rights which may be enforced judicially – a subject of some debate (see Cohan v. Commissioner of Social Security, 2011WL 3319608 (M.D. Fla. Jul. 29, 2011) (discussing cases) – because, as noted above, the requirement for a threshold evaluation is implicit in the Commissioner's regulation. Consistent with this implied requirement, the HALLEX directs the Appeals Council analyst who evaluates additional evidence submitted by a claimant on review and finds it to be not new and/or not material to "include language in the denial notice specifically identifying the additional evidence (by source, date range, and number of pages)" and explaining that the evidence is "not new and/or material" or "does not relate to the period on or before the date of the ALJ decision[.]" HALLEX I-3-5-20.

conducted the required threshold evaluation of the evidence to determine whether it was new and material evidence that it should consider on the question of whether to grant review. The court finds nothing in either § 405(g) or Eleventh Circuit case law interpreting it to support the premise that a district court may consider – in reviewing the Commissioner's final decision for substantial evidentiary support – evidence that the Commissioner never reviewed at all in reaching her final decision, or that the court may itself conduct a threshold "new evidence" evaluation to eliminate some of that evidence from consideration, when the record does not demonstrate that the Appeals Council has performed such an evaluation. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." Cornelius v. Sullivan, 936 F.2d 1143, 1145-46 (11th Cir.1991). Because the administrative record, including the Appeals Council's notice denying review, does not support a conclusion that the Appeals Council conducted the required legal analysis of the additional evidence, the Commissioner's decision is due to be reversed.[6]

## CONCLUSION

For the foregoing reasons, the decision of the Commissioner is due to be REVERSED, and this action REMANDED to the Commissioner for further proceedings consistent with

---

[6] See Sneed v. Barnhart, 214 Fed. Appx. 883, 885 (11th Cir.2006)(in *dicta*, describing the "Appeals Council's refusal to consider the submission of new evidence before denying review" as an "error of law" that is subject to judicial review). The court expresses no opinion regarding whether the Appeals Council should have granted review or whether plaintiff is entitled to prevail on her claim. It holds only that the record does not establish that the Appeals Council evaluated or considered the new medical evidence.

this Memorandum Opinion.  A separate judgment will be entered.

DONE, this 1st day of July, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE